UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LORRAINE D.,[1]

    **Plaintiff,**

v.

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No. 1:21-cv-4353
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Lorraine D. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.    PROCEDURAL HISTORY**

On November 29, 2017, Plaintiff protectively filed her application for benefits, alleging that she has been disabled since August 8, 2015. R. 97, 112, 214–15. The application was denied

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.
[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

initially and upon reconsideration. R. 115–19, 121–23. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 124–25. Administrative Law Judge ("ALJ") Denise Martin held a hearing on February 25, 2020, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 31–86. In a decision dated May 12, 2020, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from August 8, 2015, Plaintiff's alleged disability onset date, through June 30, 2016, the date on which Plaintiff was last insured. R. 15–24. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on January 5, 2021. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On May 10, 2022, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 19.[3] On the same day, the case was reassigned to the undersigned. ECF No. 20. The matter is ripe for disposition.

## II. LEGAL STANDARD

### A. Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has

---

[3] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

2

explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham.");

*see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short

paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

**B.    Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §

5

404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in

the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.   ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 54 years old on June 30, 2016, the date on which she was last insured for DIB. R. 22. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between August 8, 2015, her alleged disability onset date, and the date on which she was last insured. R. 18.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: cervical and lumbar spine degenerative disc disease and mild ulnar neuropathy at the elbows. *Id.*[4]

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. *Id*.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations. R. 19–22. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a waitress, cashier II, and order picker. R. 22.

At step five, the ALJ found that a significant number of jobs—*e.g.,* jobs as an electronics worker, an inspector and hand packager, and a mail clerk—existed in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 22–23. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from August 8, 2015, her alleged disability onset date, through June 30, 2016, the date on

---

[4] At step three, the ALJ also noted that Plaintiff's medically determinable mental impairment of anxiety was nonsevere. *Id*.

which she was last insured for DIB. R. 23–24.

Plaintiff disagrees with the ALJ's findings at steps four and five and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Brief,* ECF No. 13. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 18.

## IV. SUMMARY OF RELEVANT MEDICAL EVIDENCE

On February 20, 2020, Maynard Holgado, M.D., Plaintiff's treating physician, completed a five-page, check-the-box, and fill-in-the-blank form entitled, "Internal Medical Report." R. 650–54. Dr. Holgado indicated that he treated Plaintiff every three months beginning in May 2018, and had most recently examined her on February 20, 2020. R. 650. Dr. Holgado's current diagnoses were depression, anxiety, and chronic low back and cervical pain. *Id.* Dr. Holgado noted that Plaintiff had been in a motor vehicle accident on August 8, 2014, and had "*chronic cervical pain & low back pain since MVA* [motor vehicle accident.]" R. 651 (emphasis added). According to Dr. Holgado, Plaintiff also suffered paresthesia in her left leg. R. 653. Dr. Holgado opined that Plaintiff could occasionally (up to one-third of a work day) lift and carry up to three pounds; stand and/or walk less than two hours per day; sit less than six hours per day; and she could not push or pull. *Id.*

## V. DISCUSSION

Plaintiff raises a number of challenges to the ALJ's decision, including, *inter alia*, that the ALJ erred in rejecting Dr. Holgado's opinion. Plaintiff specifically argues that the ALJ's

reason for rejecting Dr. Holgado's opinion—*i.e.,* that it was rendered after the lapse of Plaintiff's insured status and did not relate back to the relevant time period—was in error. *Plaintiff's Brief*, ECF No. 13, pp. 3, 7, 10–11, 20–21.[5] This Court agrees.

The ALJ must evaluate all record evidence in making a disability determination. *Plummer,* 186 F.3d at 433; *Cotter,* 642 F.2d at 704. The ALJ's decision must include "a clear and satisfactory explication of the basis on which it rests" sufficient to enable a reviewing court "to perform its statutory function of judicial review." *Cotter*, 642 F.2d at 704–05. Specifically, the ALJ must discuss the evidence that supports the decision, the evidence that the ALJ rejected, and explain why the ALJ accepted some evidence but rejected other evidence. *Id*. at 705–06; *Diaz v. Comm'r of Soc. Sec*., 577 F.3d 500, 505–06 (3d Cir. 2009); *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("Although we do not expect the ALJ to make reference to every relevant treatment note in a case . . . we do expect the ALJ, as the factfinder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law."). Without this explanation, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705; *see also Burnett,* 220 F.3d at 121 (citing *Cotter*, 642 F.2d at 705).

For claims filed after March 27, 2017,[6] the regulations eliminated the hierarchy of medical source opinions that gave preference to treating sources. *Compare* 20 C.F.R. § 404.1527

---

[5] Although Plaintiff apparently focuses on the ALJ's error with respect Dr. Holgado's opinion regarding Plaintiff's mental functional limitations, *see id*., the Court notes that the ALJ also erred in rejecting Dr. Holgado's opined physical functional limitations for the same reason, *id*., which is the Court's basis for remanding this action. *Cf. Jennings o/b/o Thomas v. Saul*, No. CV 20-1953, 2021 WL 601097, at *2-3 (E.D. Pa. Feb. 16, 2021), *reconsideration denied sub nom. Jennings o/b/o Thomas v. Saul*, No. CV 20-1953, 2021 WL 1175134 (E.D. Pa. Mar. 29, 2021) ("This unexplained mistake is a clear, reversible error that this court has addressed *sua sponte*.") (citations omitted).

[6] As previously noted, Plaintiff's claim was protectively filed on November 29, 2017.

*with* 20 C.F.R. § 404.1520c(a) (providing, *inter alia*, that the Commissioner will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources"). Instead, the Commissioner will consider the following factors when considering all medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c).

      The regulations emphasize that "the most important factors [that the ALJ and Commissioner] consider when [] evaluat[ing] the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section)." *Id*. at § 404.1520c(a). As to the supportability factor, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id*. at § 404.1520c(c)(1).  As to the consistency factor, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. at § 404.1520c(c)(2).

10

The applicable regulations further require the ALJ to articulate her "consideration of medical opinions and prior administrative medical findings" and articulate in the "determination or decision how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." *Id.* at § 404.1520c(b). "Specifically, the ALJ must explain how [she] considered the 'supportability' and 'consistency' factors for a medical source's opinion. . . . The ALJ may—but is not required to—explain how [she] considered the remaining factors." *Michelle K. v. Comm'r of Soc. Sec.*, No. 1:19-CV-01567, 2021 WL 1044262, at *4 (W.D.N.Y. Mar. 19, 2021) (citing 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)).

In the present case, at step four of the sequential evaluation process, the ALJ found that Plaintiff had the RFC to perform a limited range of light work:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she could never climb ladders, ropes, or scaffolds. She could occasionally climb ramps and stairs, balance, stoop, crouch, crawl, and kneel. She could tolerate no exposure to unprotected heights and dangerous and moving machinery. She needed to avoid concentrated vibration, pulmonary irritants such as dust and fumes, humidity, wetness, and temperature extremes. She could perform unskilled, simple, routine, and repetitive tasks. She could tolerate occasional interaction with supervisors, coworkers, and the public. She could not have any fast paced or high production quotas.

R. 19; *see also id.* at n.1 ("Although am not finding any severe mental impairments, I am giving the claimant the benefit of the doubt and including mental limitations in the residual functional capacity."). In reaching this determination, the ALJ found, *inter alia*, that Dr. Holgado's opinion was unpersuasive, reasoning as follows:

> On February 20, 2020, Maynard Holgado, M.D., opined that the claimant could lift and carry three pounds, stand and/or walk less than two hours per day, sit for less than six hours per day, and she could not push or pull (Ex. 23[F]/5 [R. 653]). The doctor first examined the claimant in May 2018 and thus, *the opinion does not*

11

> *relate back to the claimant's date last insured*. Therefore, the opinion is unpersuasive.

R. 21 (emphasis added).

In challenging this finding, Plaintiff contends that the ALJ inconsistently applied the "relation back" concept, accepting some evidence dated after June 30, 2016, the date on which Plaintiff was last insured (such as Plaintiff's function report dated May 7, 2018), while rejecting other evidence generated after that date (such as Dr. Holgado's opinion). *Plaintiff's Brief*, ECF No. 13, pp. 3, 7, 10–11, 20–21. Plaintiff goes on to argue that Dr. Holgado's opinion does, in fact, relate back to the relevant period because Dr. Holgado expressly noted that Plaintiff had suffered cervical and low back pain since her 2014 motor vehicle accident. *Id*. at 21 (citing R. 651).

The Acting Commissioner argues that the ALJ properly considered and discounted Dr. Holgado's opinion, who did not begin treatment of Plaintiff until years after the relevant period. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 18, pp. 18–19. The Acting Commissioner further argues that Dr. Holgado simply "listed historical events in a section titled 'history' (Tr. 651) but completed a form about Plaintiff's *current* functioning based on Dr. Holgado's own medical findings (See Tr. 653-54). Dr. Holgado did not state that his responses related back to Plaintiff's condition in June 2016 (*Id*.)." *Id*. at 19. The Acting Commissioner therefore contends that the ALJ reasonably found that Dr. Holgado's opinion "was not relevant when assessing whether Plaintiff was disabled prior to June 2016 (Tr. 21)." *Id*.

The Acting Commissioner's arguments are not well taken. "[M]edical evidence generated after the date last insured is only relevant to the extent it is reasonably proximate in time or relates back to the period at issue." *Alston v. Astrue*, No. 10-cv-839, 2011 WL 4737605, at *3 (W.D. Pa. Oct. 5, 2011); *see also Beety-Monticelli v. Comm'r of Soc. Sec*., 343 F. App'x 743,

12

746 (3d Cir. 2009) (finding that the ALJ reasonably found that a doctor's opinion rendered nearly five years after the date last insured "lacked probative value" because it "shed no light" on the claimant's condition during the relevant period); *Porter v. Comm'r of Soc. Sec.*, No. CV 18-03744, 2019 WL 2590994, at *4–5 (D.N.J. June 25, 2019) (finding that the ALJ did not err in assigning little weight to a physician's opinion on the basis that the opinion "'was rendered more than a year after [Plaintiff's] date last insured and [it] does not indicate that it relates back' to the disability evaluation period") (citations omitted). In the present case, Dr. Holgado related Plaintiff's cervical and low back pain to her 2014 motor vehicle accident and thus to the period at issue in this case. R. 651(noting that Plaintiff had "chronic cervical pain & low back pain *since MVA*"). (emphasis added). Even under the new regulations, "[t]he ALJ may choose whom to credit but 'cannot reject evidence for . . . the wrong reason.'" *Morales*, 225 F.2d at 317 (quoting *Plummer*, 186 F.3d at 429) (cleaned up); *see also Kluck v. Kijakazi*, No. CV 21-1674, 2022 WL 2805327, at *5–6 (E.D. Pa. July 15, 2022) ("The ALJ's explanations fail to demonstrate that Ms. Salkind's opinions are inconsistent with other record evidence. Hence, the explanations are 'wrong reasons,' which cannot sustain her conclusion.") (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)).

     Nor can the Court conclude that the ALJ's error in this regard is harmless. Dr. Holgado's opined physical functional limitations—that Plaintiff can lift and carry only up to three pounds; stand and/or walk less than two hours per day; sit less than six hours per day; and cannot push or pull—are apparently inconsistent with the RFC for light work. R. 19; *see also* 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it

involves sitting most of the time with some pushing and pulling of arm or leg controls."); SSR 83-10 ("Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."); *Fargnoli*, 247 F.3d at 40 (remanding where, *inter alia*, the ALJ failed to explain his assessment of treating opinions "that contradict the ALJ's finding that [the claimant] can perform light work"). Moreover, it was based on a hypothetical with the RFC for light work that the vocational expert identified three jobs that such a hypothetical person could perform and upon which the ALJ ultimately relied. R. 71–72.

Accordingly, this Court concludes that remand of the matter for further consideration is appropriate even if, upon further consideration of Dr. Holdado's opinion and the RFC determination, the Commissioner again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision."). The Court

therefore concludes that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of these issues.[7]

## VI.   CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order rendering final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  November 29, 2022              *s/Norah McCann King*
                                    NORAH McCANN KING
                                    UNITED STATES MAGISTRATE JUDGE

---

[7] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Dr. Holgado's opinion and the RFC determination, the Court does not consider those claims.

15