## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**LORRAINE A. DANESE,**

        **Plaintiff,**

                              **Case No. 1:21-cv-4353**

        **v.**                    **Magistrate Judge Norah McCann King**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

### <u>OPINION AND ORDER</u>

This matter is before the Court for consideration of Plaintiff's request for an attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and costs, *Motion for EAJA Fees and Costs*, ECF No. 23 ("*Plaintiff's Motion*"); *Defendant's Brief in Opposition to Plaintiff's EAJA Petition*, ECF No. 26 ("*Brief in Opposition*"); and *Plaintiff's Reply Brief*, ECF No. 27 ("*Reply*"). For the reasons that follow, *Plaintiff's Motion* is granted in part and denied in part.

### I.    BACKGROUND

On March 7, 2021, Plaintiff filed this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), appealing from the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. *Complaint,* ECF No. 1. On November 30, 2022, after full briefing by the parties, the Court reversed the decision of the Commissioner and remanded the case for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g). *Opinion and Order*, ECF No. 21; *Judgment,* ECF No. 22. On December 27, 2022, Plaintiff filed her motion, seeking an attorney's fee under the EAJA in the amount of $ 28,000.00, plus $402.00 in

costs. *Plaintiff's Motion*. The Acting Commissioner opposes Plaintiff's fee request, arguing that

the Commissioner's position was substantially justified; alternatively, the Acting Commissioner

asks that the Court award an attorney's fee of no more than $ 6,330.00. *Brief in Opposition*. In

her reply, Plaintiff insists that her requested fee is appropriate. *Reply*. The matter is ripe for

disposition.

## II.   LEGAL STANDARD

"[T]he specific purpose of the EAJA is to eliminate for the average person the financial

disincentive to challenge unreasonable governmental actions." *Comm'r, I.N.S. v. Jean*, 496 U.S.

154, 165 (1990); *see also Goldhaber v. Foley*, 698 F.2d 193, 195 (3d Cir. 1983) ("Congress

intended that the Equal Access to Justice Act remove an obstacle to contesting unreasonable

governmental action through litigation.") Under the EAJA,

> a court shall award to a prevailing party other than the United States fees and
> other expenses. . . incurred by that party in any civil action . . . including
> proceedings for judicial review of agency action, . . . unless the court finds that
> the position of the United States was substantially justified or that special
> circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also id.* at § 2412(d)(1)(B) (requiring a party seeking an award of

fees and expenses to submit an application to the court "within thirty days of final judgment in

the action"). "The Plaintiff is a prevailing party under the EAJA if he [or she] has 'succeeded on

any significant issue in litigation which achieved some of the benefit . . . sought in bringing suit."

*Teixeira v. Comm'r of Soc. Sec*., No CV 2:13-07505, 2016 WL 6139918, at *1 (D.N.J. Oct. 20,

2016) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (internal quotations omitted). A

plaintiff who obtains a remand under Sentence 4 of 42 U.S.C. § 405(g)[1] is therefore a prevailing

---

[1] Sentence 4 of 42 U.S.C. § 405(g) addresses "a judgment affirming, modifying, or reversing the
decision of the Commissioner of Social Security, with or without remanding the cause for a
rehearing."

party. *Melkonyan v. Sullivan*, 501 U.S. 89, 102-03 (1991); *Ruiz v. Comm'r of Soc. Sec.,* 189 F. App'x 112, 113 (3d Cir. 2006) (noting that the plaintiff was a "prevailing party" for purposes of EAJA fees when he secured a Sentence 4 remand) (citing *Melkonyan*, 501 U.S. at 102-03).

A court may award only a "reasonable" attorney's fee and expenses under the EAJA. 28 U.S.C. § 2412(d)(2)(A). "A fee applicant bears the burden of establishing entitlement to a reasonable award and documenting the appropriate hours expended and hourly rates." *Beattie v. Colvin*, 240 F.Supp.3d 294, 296 (D.N.J. 2017) (citations omitted). "To meet [this] burden, the fee petitioner must 'submit evidence support the hours worked and rates claimed.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The Supreme Court has cautioned that '[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request those hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.'" *Beattie*, 240 F. Supp. 3d at 296 (quoting *Hensley*, 461 U.S. at 434); *see also Arandjelovic v. Colvin*, No. 14-2849, 2016 WL 1389935, at *3 (D.N.J. Apr. 8, 2016) ("At the outset, the Court notes that forty hours has previously been found reasonable for a typical Social Security case. . . . As such, Plaintiff's request of 55.55 hours is not unconscionable for a more complicated social security matter.") (citations omitted). "In evaluating an EAJA fee application, a court is to apply 'traditional equitable principles.'" *Cintron v. Comm'r of Soc. Sec.,* No 2:13-CV-7125, 2015 WL 3938998, at *1-2 (D.N.J. June 25, 2015) (citing *Meyler v. Comm'r of Soc. Sec.*, 2008 WL 2704831, at *2 (D.N.J. July 7, 2008)). "A district court has broad discretion in determining the appropriate amount of a fee award." *Beattie*, 240 F.Supp.3d at 296 (citing *Hensley*, 461 U.S. at 437); *see also Bell v. United Princeton Prop., Inc.*, 884 F.2d 713, 721 (3d Cir. 1989) ("It bears noting that the district court retains a great deal of discretion in

deciding what a reasonable fee award is, so long as any reduction is based on objections actually raised by the adverse party.") (citing *Hensley*, 461 U.S. at 437); 28 U.S.C. § 2412(d)(1)(C) ("The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the court of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."). "However, a court may not conduct a 'generalized proportionality review of the entire fee award' in response to the Government's 'bare allegation in general terms that the time spent was excessive.'" *Beattie,* 240 F. Supp. 3d at 296 (quoting *U.S. v. Eleven Vehicles*, 200 F.3d 203, 218 (3d Cir. 2000) (Alito, J., concurring). "The party opposing a fee request has the burden to submit objections that are specific and well-supported." *Cintron*, 2015 WL 3938998, at *2.

    As noted above, a court may award a reasonable attorney's fee if the government's position in the case was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing that its position was substantially justified, a burden that "is not met merely because the government adduces 'some evidence' in support of its position." *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir. 1985) (citing *Tressler v. Heckler*, 748 F.2d 146, 150 (3d Cir. 1984)). Instead, the government's position in the action must have been "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *see also Washington*, 756 F.2d at 961 ("Substantial justification 'constitute[s] a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous.'") (quoting *Dougherty v. Lehman*, 711 F.2d 555, 563 (3d Cir. 1983)). To meet its burden of substantial justification, the government must show that its position reflected: "(1) a reasonable

basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *Id.* (citations omitted). In other words, its "position is substantially justified if it ha[d] a reasonable basis in both law and fact." *Hanover Potato Prod., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993) (citations omitted). However, a "'court must not assume that the government's position was not substantially justified because the government lost on the merits.'" *Bryan v. Comm'r of Soc. Sec.*, 478 F. App'x 747, 750 (3d Cir. 2012) (quoting *Kiardeldeen v. Ashcroft*, 273 F.3d 542, 554 (3d Cir. 2001)); *see also Diaz v. Comm'r of Soc. Sec.*, 410 F. App'x 430, 431-32 (3d Cir. 2010) ("Although the Government's success or failure on the merits at each level is indicative of whether its position was substantially justified, it is not dispositive.") (citing *Pierce*, 487 U.S. at 569); *Morgan v. Perry*, 142 F.3d 670, 685 (3d Cir. 1998) ("The EAJA is not a 'loser pays' statute. Thus, a court cannot assume that the government position was not substantially justified simply because the government lost on the merits."); *Nevins v. Comm'r of Soc. Sec.*, No. CV 16-5765, 2017 WL 3315287, at *2 (D.N.J. Aug. 2, 2017) ("The government's position can be justified even if it is incorrect as long as it has a 'reasonable basis in law and fact.'") (quoting *Pierce*, 487 U.S. 556 n.2).

Finally, a court must not award fees where "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "'This "safety valve" helps to ensure that the Government is not deterred from advancing in good faith the novel but credible extensions of the law that often underlie vigorous enforcement efforts. *It also gives the court discretion to deny awards where equitable considerations dictate* [that] *an award should not be made*.'" *Taylor v. United States*, 815 F.2d 249, 252-53 (3d Cir. 1987) (quoting H.R. Rep. No. 1418, 96th Cong., 2d Sess. at 11, reprinted in 1980 U.S. Code Cong. & Ad. News 4953, 4984, 4990) (emphasis added by *Taylor*

court). "The EAJA thus 'explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees.'" *Id.* (quoting *Oguachuba v. Immigration and Naturalization Serv.*, 706 F.2d 93, 98 (2d Cir. 1983)). However, "[t]hat few courts apparently have relied upon this exception to EAJA awards in denying fee applications is evidence that the circumstances of a case will infrequently justify a denial of an award." *Id.*; *see also Meyler v. Comm'r of Soc. Sec.*, No. CV 04-4669, 2008 WL 2704831, at *2 (D.N.J. July 7, 2008) ("Despite the persistent pattern of misconduct by Plaintiff's counsel, the Court is not persuaded that special circumstances exist to justify a complete denial of attorney's fees. While counsel's conduct is objectionable, the Court distinguishes it from attorney misconduct that has been duplicitous or dishonest and has resulted in a denial of all fees.") (citations omitted).

## III.   DISCUSSION

Plaintiff seeks an attorney's fee award under the EAJA in the amount of $28,000.00. *Plaintiff's Motion*, ECF 23, PageID# 857. Plaintiff explains that this amount is "discounted" from a calculated fee of $40,093.37 based on 189.2 hours compensated at $211.91 per hour. *Id. See also* ECF 23-2, attached thereto (itemizing 189.2 hours). In opposing *Plaintiff's Motion*, the Acting Commissioner argues that Plaintiff is not entitled to an attorney's fee in any amount because the agency's position in this case was "substantially justified"; alternatively, the Acting Commissioner contends that the amount sought is not reasonable. *Brief in Opposition*, ECF No. 26. In her *Reply*, Plaintiff insists that she is entitled to an attorney's fee and that the amount sought is reasonable. *Reply*, ECF No. 27. *See id.* at PageID# 917 ("What was not 'reasonable' was for Plaintiff's claim to be adjudicated contrary to the foregoing authorities and then to have to nevertheless establish and argue the occurrence of the foregoing, and to be required to have to

have the issues decided by this Court, and then to now have to argue against opposition that nevertheless asserts that 'nothing' is what Plaintiff is entitled to under the EAJA.")

### A.      The Government's Position Was Not Substantially Justified

The Administrative Record in this case, ECF No. 8, includes the February 20, 2020, "Internal Medical Report" of Plaintiff's treating physician, Maynard Holgado, M.D. R. 650-54. In that report, Dr. Holgado, who had treated Plaintiff every three months since May 2018, noted that Plaintiff had been in a motor vehicle accident on "8-8-2014" and that Plaintiff had suffered "chronic cervical pain + low back pain since MVA." R. 651. Dr. Holgado opined that Plaintiff could occasionally lift and carry up to three pounds, stand and/or walk less than two hours per day, and sit less than six hours per day, and could not push or pull. *Id.*

The Administrative Law Judge ("ALJ") held that Plaintiff was not disabled within the meaning of the Social Security Act at any time from August 8, 2015, Plaintiff's alleged disability onset date, through June 30, 2016, the date on which she was last insured for DIB. R. 15-24. In reaching this conclusion, the ALJ found Dr. Holgado's opinion "unpersuasive":

> On February 20, 2020, Maynard Holgado, M.D., opined that the claimant could lift and carry three pounds, stand and/or walk less than two hours per day, sit for less than six hours per day, and she could not push or pull (Ex.23[F]/5 [R.653]). The doctor first examined the claimant in May 2018 and thus, the opinion does not relate back to the claimant's date last insured. Therefore, the opinion is unpersuasive.

R. 21. The ALJ went on to find that Plaintiff had the residual functional capacity ("RFC") for a limited range of light work. R. 19.

In arguing that the ALJ properly discounted Dr. Holgado's opinion, which was inconsistent with the RFC found by the ALJ, the Acting Commissioner took the position that Dr. Holgado's opinion was irrelevant to Plaintiff's claim for DIB because the doctor "did not state that his responses related back to Plaintiff's condition in June 2016." *Defendant's Brief pursuant*

*to Local Civil Rule 9.1*, ECF. 18, p. 19. This Court disagreed with that position in light of the fact that Dr. Holgado had expressly related Plaintiff's cervical and low back pain to her 2014 motor vehicle accident and, thus, to the period at issue in this case. *Opinion and Order*, ECF 21, PageID# 829 (citing, *inter alia*, *Alston v. Astrue*, No. 10-cv-839, 2011 WL 4737605, at *3 (W.D. Pa. Oct. 5, 2011)(observing that "medical evidence generated after the date last insured is only relevant to the extent it is reasonably proximate in time or relates back to the period at issue.")). The Court therefore reversed the Commissioner's decision and remanded the action for further consideration of Dr. Holgado's opinion and Plaintiff's RFC. *Id.* at PageID# 830.

The Acting Commissioner now argues that the Government's position was substantially justified because "the record contained evidence that supported the agency's position," *Brief in Opposition*, ECF 26, PageID# 893, and because the "circumstances support the inference that Dr. Holgado did not credibly address Plaintiff's condition before June 30, 2016, and thus provide a reasonable basis for the position that Dr. Holgado's opinion did not relate back to the relevant period." *Id.* at PageID# 895. This Court disagrees. Dr. Holgado expressly related Plaintiff's condition to the period prior to the lapse of her insured status, a fact that neither the ALJ nor the Acting Commissioner acknowledged. Moreover, whether or not Dr. Holgado's opinion, as it related to the period prior to June 30, 2016, was credible was not for this Court's determination in the first instance. Thus, the Court remanded the matter to the Acting Commissioner for consideration and determination of this issue.

Under these circumstances, the Court cannot conclude that the Government's position in this case was "substantially justified." It follows, then, that Plaintiff is entitled to an attorney's fee under the EAJA.

**B.    A Reasonable Fee**

As noted above, Plaintiff requests a "discounted" attorney's fee of $28,000.00 and submits a listing of 189.2 hours spent by counsel in this litigation. The Acting Commissioner contends that the requested fee is unreasonable, arguing that Plaintiff's request consists of improper "block-billing," is based on excessive hours, and is unjustified in light of the routine nature of the issues addressed in this case. *Brief in Opposition*, ECF 26 PageID# 897-901.[2] The Acting Commissioner suggests a fee of "no more than $6,330 (30 hours at $211.00 per hour. . . .)" *Id.* at PageID# 900. Plaintiff does not specifically address the Acting Commissioner's contentions in this regard. *See generally Reply*, ECF 27.

As noted, *Plaintiff's Motion* represents that counsel spent 189.2 hours in the proceedings before this Court. *Exhibit A*, ECF 23-2. Plaintiff lists 18.4 hours drafting the 15-page, single-spaced *9.1 Statement*, ECF 9, 170 hours reviewing, revising, drafting, and researching the 30-page, double-spaced *Plaintiff's Brief*, ECF 13, 0.4 hours reviewing *Defendant's Brief pursuant to Local Civil Rule 9.1*, ECF 18, and 0.4 hours reviewing the Court's *Opinion and Order*, ECF 21.[3] *Exhibit A*, ECF 23-2.  Calculated at $211.91 per hour, the listed hours would result in an attorney's fee of $40,093.37. The "discounted" requested fee of $28,000 would reflect compensation for 132 hours at the requested rate. The Court concludes that the requested fee of $28,000 is unreasonable and excessive.

"The district courts are required to be faithful stewards of the public funds expended for attorneys' fees." *Amparo v. Comm'r of Soc. Sec.*, No. 2:12-cv-6403, 2014 WL 4678033, at *3

---

[2] The Acting Commissioner does not challenge in any material respect Plaintiff's proposed hourly rate of $211.91. *Brief in Opposition*, ECF 26, PageID# 900 (suggesting a fee of $6,330 calculated as "30 hours at $211.00 per hour. . . .").
[3] Plaintiff did not file a reply brief.

(D.N.J. Sept. 18, 2014). Although there is authority in this District for an award based on a calculation of three hours per page in an unusually complex case, *Beattie,* 240 F. Supp. 3d at 298 (citing *Maldonado v. Houstoun,* 256 F.3d 181, 186 (3d Cir. 2001)), judges in this District have also held that more than 30 hours spent on a brief in a Social Security appeal by an experienced attorney in a routine Social Security appeal is unreasonable. *Arandjelovic,* No. 14-2849, 2016 WL 1389935, at \*4. *Cf. Maria T.N. v. Comm'r of Soc. Sec.*, No. CV 16-5483, 2022 WL 17221409, \*4 (D.N.J. Nov. 22, 2022) (finding that 20.75 hours spent on the plaintiff's 40-page opening brief was reasonable); *Torres v. Saul*, Case No. 2:18-cv-1716, 2020 WL 4581825, \*6 (D.N.J. Aug. 10, 2020) (holding that 19.7 hours expended by experienced counsel on a 41-page brief is not unreasonable).

*Plaintiff's Motion* lists 170 hours spent in connection with *Plaintiff's Brief,* ECF 13. *Exhibit A*, ECF 23-2. That figure includes 15.5 hours assertedly spent on a single day. *Id.* at PageID# 881. That figure is, quite simply, unreasonable. Plaintiff was represented by this same counsel at the administrative hearing, R. 32, and her counsel was therefore, presumably, already familiar with the evidence and issues from the outset of this litigation. Moreover, Plaintiff's *9.1 Statement*, ECF 9, presented the issues and Plaintiff's claims in great detail. Plaintiff offers no explanation for the claimed devotion of 170 additional hours—more than one month of professional work—to *Plaintiff's Brief*, ECF 13.

In this Court's estimation, the issues presented in this case were not unusual or novel. However, Plaintiff's counsel does not appear to be an experienced litigator of Social Security appeals in this Court.[4] The Court understands, therefore, that Plaintiff's counsel may be expected

---

[4] The Court's records indicate that Plaintiff's counsel has filed only two other Social Security appeals in this District.

to have spent more time on the preparation of his client's brief than would a litigator with greater experience in this area. Having said that, however, 170 hours is outrageously excessive, as is even the "discounted" fee, which would reflect compensation for 132 hours of attorney time spent in connection with *Plaintiff's Brief*, ECF 13. The Court will authorize an attorney's fee of $12,545.07, which reflects compensation for 40 hours spent in connection with the preparation and filing of *Plaintiff's Brief*, ECF 9, and for the 19.2 hours itemized by Plaintiff as having been spent in connection with the other filings in this action, *Exhibit A*, ECF 23-2, for a total of 59.2 hours of work in the litigation at the rate of $211.91 per hour.

## IV.    CONCLUSION

Plaintiff's *Motion for EAJA Fees and Costs*, ECF No. 23, is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff is **AWARDED** an attorney's fee under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $12,545.07, as well as costs in the amount of $402.00. Such fees may be paid directly to Plaintiff's counsel, Alan A. Reuter, Esq., pursuant to Plaintiff's assignment so long as Plaintiff does not owe a debt or debts subject to offset under the Treasury Offset Program. If Plaintiff does owe such a debt or debts, the Acting Commissioner will reduce the awarded attorney's fees to the extent necessary to satisfy such debt or debts.

Date:  May 11, 2023                        *s/Norah McCann King*
                                 NORAH McCANN KING
                                 UNITED STATES MAGISTRATE JUDGE